261 N.J. Super. 348 (1992)
618 A.2d 922
CLIFFORD G. FAVELL, PLAINTIFF,
v.
ALVARO HERNANDEZ, WALTERS FLOWERS, JENNIE PEDGURSKI, AND JOHN DOE (A FICTITIOUS NAME), DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
September 30, 1992.
*349 David Gelband, for plaintiff (Kirsch, Gelband & Stone Attorneys).
Kenneth L. Malmud, for defendants (Isaacson, Dougherty & Zirulnik Attorneys).
CASSINI, J.S.C.
On September 16, 1989, plaintiff, Clifford Favell (Favell) was the operator of a motor vehicle that was involved in an accident with a vehicle owned by defendant, Jennie Pedgurski t/a Walters Flowers (Pedgurski) and operated by Alvaro Hernandez (Hernandez).
The vehicle owned by Pedgurski and operated by Hernandez was a 1988 Chevrolet station wagon. It was registered as a commercial vehicle and was insured under a business auto policy indicating Pedgurski, individually, as the named insured. The policy provided for, among other things, personal injury protection ("PIP").[1]
*350 At issue is whether defendant is subject to the verbal-threshold, N.J.S.A. 39:6A-8a, as set forth in the New Jersey Reparation Reform Act ("Act"), N.J.S.A. 39:6A-1, et seq., and, if so, has plaintiff met the standard for compliance with the verbal-threshold requirements to recover non-economic damages from defendant.
Favell argues that because the Pedgurski vehicle was registered commercially, insured under a business policy and used in pursuit of the defendants' business, the verbal-threshold statute does not apply because it does not come within the definition of "automobile" as set forth in N.J.S.A. 39:6A-2a. Hence, Favell contends, the limitations on the right to claim non-economic damages are inapplicable and unrestricted recovery of those damages should be allowed.
Pedgurski rejects this argument and claims that even though the vehicle was registered commercially and used in their business, it nonetheless falls within the definition of "automobile" as set forth in N.J.S.A. 39:6A-2a. As such, defendant should be entitled to the benefits of the applicable verbal-threshold, N.J.S.A. 39:6A-8a. Specifically, N.J.S.A. 39:6A-2a defines automobile as:
... a private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pickup body, a delivery sedan, a van, or a panel truck or a camper type vehicle used for recreational purposes owned by an individual or by husband and wife who are residents of the same household, not customarily used in the occupation, profession or business of the insured other than farming or ranching....
Favell argues that irrespective of the fact that defendant's vehicle may be described as "a private passenger automobile of a private passenger or station wagon type", it nevertheless was registered commercially, insured under a business policy and used in defendant's business. Thus, plaintiff argues, intrinsically the vehicle is commercial in nature. As such, pursuant to N.J.S.A. 39:6A-4, a plaintiff who is involved in an accident with a commercial vehicle is not subject to the verbal-threshold limitations. That is, the verbal-threshold only applies to accidents *351 involving "automobiles" not accidents involving commercial vehicles.
In the alternative, plaintiff argues that even if the vehicle is determined to be an automobile, within the meaning of the statute, plaintiff has suffered injuries as described within the categories of the verbal threshold statute, N.J.S.A. 39:6A-8a. Favell maintains that his injuries prevent him from playing competitive basketball or lifting weights as he used to do on a regular basis. In addition, he claims he has difficulty climbing stairs, bending, has recurring headaches, has significant limitations in range of motion of certain body parts, and sleeps with pain.
First, considering the arguments of determining the status of the vehicle, I conclude that defendant's 1988 Chevrolet station wagon is an "automobile" as defined by the plain meaning of the statute, N.J.S.A. 39:6A-2a, irrespective of the fact that it was registered commercially, insured under a business policy and used in defendant's business.
The vehicle in question is a private passenger automobile of a station wagon type. It is neither used as a public or livery conveyance for passengers, nor is it rented to others with a driver.
In Wagner v. Transamerica Insurance Company, 167 N.J. Super. 25, at 31, 400 A.2d 497 (App. Div., 1979) the court stated:
Motorcycles, commercial trucks, taxicabs, chauffeured rentals, and buses are excluded from the No-Fault Law, but we perceive no legislative design to exclude private passenger vehicles commercially owned and used in business pursuits. Support for our conclusion is found in Iavicoli, No Fault & Comparative Negligence in New Jersey (1973), N.J. Super. 41 at 96 wherein the author, who served as counsel to the legislative commission which drafted the No-Fault Law as part of the reform package, states: `Note well that the definition of automobile includes all private passenger automobiles except ones used for public or livery conveyance and automobiles rented with a driver. Therefore, if an individual or company owns an automobile used in his profession or its business that automobile must maintain the above mentioned [PIP] coverage.' (Emphasis added)
*352 As heretofore stated, plaintiff argues that since the defendant's vehicle was registered commercially and was used in defendant's business, the allowance for recovery of non-economic losses resulting from personal injury is not within the verbal threshold category but rather traditional tort or unrestricted recovery should apply.
Given the factual setting of this case, I am not persuaded by plaintiff's argument, that because the vehicle was registered commercially, and used by defendant in her flower business, it must be a commercial vehicle.
As expressed by the Appellate Division in Wilno v. N.J. Mfrs. Ins. Co., 180 N.J. Super. 146, 434 A.2d 605 (App.Div. 1981), reversed on other grounds, 89 N.J. 252, 445 A.2d 252 (1982), "[R]egistration is a concept relating exclusively to the privilege to use an automobile on a public road. See N.J.S.A. 39:3-4. It is not a concept affecting the nature of the vehicle itself." Wilno, supra, 180 N.J. Super. at 151, 434 A.2d 605.
N.J.S.A. 39:1-1 defines automobile as "all motor vehicles except motorcycles." It also defines commercial motor vehicles as "every type of motor driven vehicle used for commercial purposes on the highways, such as transportation of goods, wares and merchandise...."
In qualifying the general definition of automobile and commercial vehicle for purposes of the Act, it is apparent that the Legislature intended to include private passenger automobiles of a station wagon type. That is, the vehicle of the defendant is not within any of the express exclusions of the definitional section of the Act. There is no question that the Pedgurski vehicle was a station wagon. As such, defendant's vehicle was required to carry PIP and in fact, did so. Hence, the vehicle was within the coverage afforded by the Act and, as such, defendant is entitled to the benefits of the applicable verbal-threshold statute.
In Bello v. Hurley Limousines, Inc., 249 N.J. Super. 31, at 36, 591 A.2d 1356 (App.Div. 1991) the court acknowledged that:

*353 It is fundamental that `the meaning of a statute must ... be sought in the language in which the act is framed, and if that is plain, ... the sole function of the Courts is to enforce it according to its terms.' Sheeran v. Nationwide Mutual Insurance Co. Inc., 80 N.J. 548, 556, 404 A.2d 625 (1979) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). See State v. Maguire, 84 N.J. 508, 528, 423 A.2d 294 (1980); Vreeland v. Byrne, 72 N.J. 292, 302, 370 A.2d 825 (1977); DeHart v. Bambrick, 177 N.J. Super. 541, 549, 427 A.2d 113 (App.Div., 1981)....
Applying that principle here, there appears to be no suitable reason for this court to exercise judicial interpretation of the Act.
In Bello, the vehicle in question was a private passenger type automobile; however, it was registered and used as a public or livery conveyance for passengers and rented to others with a driver. On the day the vehicle was involved in an accident, it was being operated for personal use.
The court concluded:
Its status was a limousine, not an automobile.
The motor vehicle's classification as a public or livery conveyance for passengers does not change by its temporary or transitory use for some other purpose. Rather, the motor vehicle's general status controls its classification. Had the Legislature intended that the motor vehicle's use at the precise time of the accident controlled its classification, it is reasonable to conclude that the Legislature would have included language to that effect in the Act. The Legislature did not include such language and in our view it is clear that the Legislature did not intend to do so. Consequently, Eric Bello's operation of the Hurley motor vehicle for his personal use at the time of the accident did not change its classification to an automobile within the meaning of the Act. Bello, 249 N.J. Super. at 37, 591 A.2d 1356. (Emphasis added)
Here, pursuant to the statutory definition of automobile, the status of the Pedgurski vehicle is found to be nothing else but that of an automobile.
Accordingly, defendant is entitled to the benefits of the verbal-threshold statute and as a result, plaintiff has the burden of proving that he has met the threshold requirements. Hill v. Cochran, 175 N.J. Super. 542, 420 A.2d 1038 (App.Div. 1980). To qualify for damages for non-economic loss, plaintiff must prove that his claim falls within one of the nine categories enumerated in subsection (a) of N.J.S.A. 39:6A-8 and the applicable *354 standards as outlined in Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992).
The Supreme Court stated:

N.J.S.A. 39:6A-8a restricts the recovery of non-economic losses to nine types of injuries:
TYPE 1: death;
TYPE 2: dismemberment;
TYPE 3: significant disfigurement;
TYPE 4: a fracture;
TYPE 5: loss of a fetus;
TYPE 6: permanent loss of use of a body organ, member, function or system;
TYPE 7: permanent consequential limitation of use of a body organ or member,
TYPE 8: significant limitation of use of a body function or system;
TYPE 9: a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment [hereinafter "90/180-day requirement"]. Oswin, 129 N.J. at 314, 609 A.2d 415.
This court finds, based upon the medical reports supplied by the plaintiff and in keeping with the ruling of our Supreme Court in Oswin, Favell has not adequately supported a claim for relief pursuant to the Act. That is, plaintiff has failed to establish a prima facie case as to any of the statutorily categorized injuries under N.J.S.A. 39:6A-8a. In Oswin v. Shaw, supra, the Supreme Court held:
If on a summary-judgment motion the Court decides, from whatever medical reports and other evidence submitted in support of and in opposition to the motion, that the injuries do not, as a matter of law, carry the plaintiff's case across the verbal threshold, then the defendant will prevail on the motion (129 N.J. at 307, 609 A.2d 415).
We also adopt the New York rule that the plaintiff must show a material dispute of fact by credible, objective medical evidence. See, e.g., Gootz v. Kelly, supra, [140 A.D.2d 874] 528 N.Y.S.2d [446] at 447 [(1988)] (granting summary judgment for defendant because plaintiff's subjective complaints of pain were not supported by "credible medical evidence"); Dwyer v. Tracey, 105 A.D.2d 476, 480 N.Y.S.2d 781, 783 (1984) ("subjective complaints unsupported by credible medical evidence do not suffice" to prove "serious injury"); (129 N.J. at 314, 609 A.2d 415).
*355 Plaintiff asserts that as a result of the motor vehicle accident, he has headaches, neck pain radiating down the right shoulder and upper back muscular tenderness. He claims his symptoms are exacerbated by any bending, lifting, coughing or stair climbing. In addition, plaintiff contends that he suffers a restriction and limitation of motion and movement, as well as soreness and stiffness.
Plaintiff, however, admits that during the months after the accident, he was able to work full-time for the Essex County Association of Retarded Citizens, take a full load of 12 to 15 credits at Essex County Community College and play varsity basketball for the Essex County Community College team.
In addition, Favell admits that he was injured at work on July 29, 1989, several months prior to the motor vehicle accident, wherein he suffered an injury to his lower back, orthopedic in nature, with neurological and neuro-psychiatric complications. His answers to interrogatories indicate that, as a result of the work related accident, he was out of work from July, 1989 until December 21, 1989. Moreover, his answers to interrogatories reveal that he broke his right hand playing catch football on November 24, 1989.
For the most part, plaintiff asserts that his medical reports set forth claims which satisfy the verbal-threshold requirements. However these assertions predominately rely on the range of motion studies conducted by his physicians Dr. Roberts and Dr. Thomas. Specifically, at the time of the initial examination, Dr. Thomas found the following:
... inspection revealed curved flattening with a mild increase in prominence of C-7. Head flexion lacks 30 degrees, extension lacks 20 degrees, bending to the right lacks 35 degrees and the left lacks 25 degrees, with pulling and pain extending from the occiput through D-2. The upper back musculature is diffusely tender with hardness extending from interscapular musculature.
As it relates to the posterior thorax, there is diffuse tenderness noted in the interscapular areas. There is diffuse tenderness noted through the lateral aspects of the thorax parallel to the vertebral column. The patient does report discomfort in flexion, extension, rotation and side bending maneuvers.

*356 Range of motion maneuvers of the right shoulder lacks 20 degrees, external rotation lacks 25 degrees in internal rotation and lacks 20 degrees in external rotation. These shoulder motions do elicit pulling and distress.
In the months immediately following the accident, plaintiff worked a full-time job, attended college full-time and played competitive collegiate varsity basketball. The diagnoses of Favell's injuries are soft tissue in nature and fail to address his prior or subsequent traumatic injuries. The medical reports neither address plaintiff's pre-existing permanent injuries nor do they include any positive traumatically related objective test results.
The determination of the Supreme Court in Oswin was that range of motion studies should be discounted and that objective, credible evidence must be submitted in order for plaintiff to make out a prima facie case.
The Court concluded as follows:
A plaintiff must show nexus between the injury and the disability. The injury by itself does not fulfill the statutory requirement; rather, the resultant loss and disability are the key. As the Appellate Division stated in this case, a plaintiff must show that `the injury had a serious impact on the plaintiff and her life.' [Oswin v. Shaw] 250 N.J. Super. [461] at 470, 595 A.2d 522 [(1991)].
We understand that one might view the "serious impact on plaintiff's life" test as somewhat subjective. To ensure uniform application of that test, we emphasize that plaintiffs must submit objective, credible evidence that could support a jury finding in his or her favor. We respect the abilities of medical professionals to ascertain the presence of a genuine, disabling injury, but we nevertheless are satisfied that the Legislature sought to guard against a finding of `serious injury' when plaintiff's proofs are based solely on subjective complaints of pain. (129 N.J. at 318, 609 A.2d 415). (Emphasis added)
The Court further stated:
Although our requirement of objective, credible evidence will eliminate many soft-tissue injuries, we do not presume that plaintiffs alleging such injuries are necessarily barred from recovery; rather, we require objective proof of such injury and consequent disability. We recognize that producing such proof may be difficult; but even though soft-tissue injuries are not apparent in x-rays, they often manifest themselves in objective form, including swelling, discoloration, and spasm. Because most range-of-motion tests are based only on patient's pain responses, they ordinarily will not suffice unless the restricted mobility is verified by physical examination and observation. (129 N.J. at 319, 609 A.2d 415).
*357 Clearly, plaintiff's alleged injuries do not meet the threshold requirements enumerated in N.J.S.A. 39:6A-8a nor do they meet the criteria as explained by the Supreme Court in Oswin, supra.
In conclusion, summary judgment is entered in favor of defendants because they are entitled to the benefits of the verbal-threshold statute and for the reason that plaintiff has failed to establish a prima facie case as to his injuries as enumerated in the categories of the verbal-threshold statute.
NOTES
[1] It should be noted that Favell had chosen the verbal threshold option with respect to his motor vehicle insurance coverage.