820 A.2d 102 (2003)
359 N.J. Super. 415
David HERNANDEZ, Plaintiff-Appellant,
v.
Joseph D. STELLA and Public Service Electric & Gas Company, j/s/a, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted April 1, 2003.
Decided April 16, 2003.
*103 John O. Poindexter, III, Moorestown, attorney for appellant (Gail R. Murphy, on the brief).
Respondents have not file a brief.
Before Judges STERN, COBURN and COLLESTER.
The opinion of the court was delivered by COBURN, J.A.D.
Plaintiff sued defendants in the Law Division for personal injuries sustained in a two-car automobile accident that occurred in New Jersey about seven months after the effective date of the New Jersey Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1 to -32 ("AICRA"). Defendants, having initially raised AICRA as a defense, later moved for summary judgment because of plaintiff's failure to provide the physician's certification required by N.J.S.A. 39:6A-8. The only question presented to the judge, since plaintiff conceded that he had elected the verbal threshold, was whether AICRA applied to defendant's vehicle in the circumstances of this case. The judge held it did, and entered an order dismissing the complaint without prejudice.
Plaintiff appeals, contending that AICRA is inapplicable because defendant's vehicle does not come within AICRA's definition of an automobile. In the alternative, he argues that if AICRA applies, his failure to provide a physician's certification should be excused based on the doctrines of substantial performance and equitable estoppel. We are satisfied that AICRA applies, but that defendants are estopped from relying on plaintiff's failure to provide a physician's certification because they did not raise the point until after arbitration was conducted pursuant to Rule 4:21A.
This two-car accident occurred on October 10, 1999, while plaintiff, whose own *104 policy of insurance included AICRA's verbal threshold, was driving on the New Jersey Turnpike. The other vehicle, a four door sedan, was owned by defendant Public Service Electric and Gas Company, a self-insurer, and was being driven by one its employees, defendant Joseph D. Stella. This vehicle was "neither [being] used as a public or livery conveyance for passengers nor rented to others with a driver." N.J.S.A. 39:6A-2a.
Plaintiff filed his complaint on December 11, 2000. Defendants filed their answer on March 7, 2001. The parties engaged in discovery, at least to the extent of exchanging answers to interrogatories, and the case was arbitrated, pursuant to Rule 4:21A, on January 17, 2002. The record does not reveal the outcome of that proceeding, but defendants must have been dissatisfied with it since they obtained the right to a trial de novo. On May 9, 2002, which was about seven months after the two-year statute of limitations had expired with respect to plaintiff's claim, and over three months after the arbitration, defendants filed their motion for summary judgment, raising for the first time plaintiff's failure to provide the physician's certification.
In light of N.J.S.A. 39:6A-2a, Simon v. CNA Ins. Co., 225 N.J.Super. 606, 614, 543 A.2d 110 (App.Div.), certif. denied, 113 N.J. 350, 550 A.2d 461 (1988); Wagner v. Transamerica Ins. Co., 167 N.J.Super. 25, 30-31, 400 A.2d 497 (App.Div.), certif. denied, 81 N.J. 60, 404 A.2d 1159 (1979); and Favell v. Hernandez, 261 N.J.Super. 348, 353, 618 A.2d 922 (Law Div.1992), plaintiff's contention that AICRA is inapplicable to the circumstances of this case is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Also without merit is plaintiff's reliance on the doctrine of substantial compliance since he has never filed the required physician's certification. Casinelli v. Manglapus, 357 N.J.Super. 398, 417, 815 A.2d 524 (App.Div.2003), holds that
as a prerequisite to consideration of application of the doctrine of substantial compliance in a verbal threshold case, the plaintiff must have filed a physician certification that, except for being untimely filed, otherwise meets the requirements contained in N.J.S.A. 39:6A-8(a).
Therefore, we turn to the question of equitable estoppel.
In Konopka v. Foster, 356 N.J.Super. 223, 812 A.2d 363 (App.Div.2002), an AICRA case, the court held as a matter of law that a claim of equitable estoppel could defeat a motion to dismiss for failure to serve a physician's certification when the defendant's motion was withheld until after discovery had been completed, the case had been submitted to Rule 4:21A arbitration, and the statute of limitations had run. Id. at 230-33, 812 A.2d 363. However, since the issue had not been raised below, and since defendant claimed that the development of a factual record would provide support for his position, the court remanded for further proceedings. Id. at 232, 812 A.2d 363.
Since defendants' brief was suppressed in the instant case, we are not confronted with any suggestion that further evidence might buttress their position. Therefore, we will rule on the record before us, which is adequate for our purposes in that it contains the critical fact; namely, that defendants failed to rely on the lack of a physician's certification until over three months after the plaintiff had prevailed in the arbitration.
In White v. Karlsson, 354 N.J.Super. 284, 806 A.2d 843 (App.Div.), certif. denied, 175 N.J. 170, 814 A.2d 635 (2002), in the context of denying defendant's attempt to *105 raise a statute of limitations defense after engaging in extensive discovery and Rule 4:21A arbitration, we had this to say with respect to such arbitration:
We note with respect to the arbitration that each party is required to submit a "concise statement of the factual and legal issues," R. 4:21A-4(a), and that the arbitrator is empowered to "determine the law and facts of the case," R. 4:21A-4(b). Although we have taken note of the informality of these proceedings, Taha v. DePalma, 214 N.J.Super. 397, 400-01, 519 A.2d 905 (App.Div.1986), the Supreme Court has observed "that the Legislature sought to preserve judicial resources and improve efficiency by providing for [this form of] arbitration," Hartsfield v. Fantini, 149 N.J. 611, 616, 695 A.2d 259 (1997). Defendant's attorney's failure to raise the statute-of-limitations defense at the arbitration obviously interfered with achievement of that legislative goal.

[Id. at 291, 806 A.2d 843.]
No less than in White, defendants failure here to raise the physician's-certification-defense obviously interfered with the legislative goal of preserving judicial resources. Moreover, also as in White, "nothing occurred in this litigation to inhibit defendant's timely pursuit [of this defense]." Id. at 290, 806 A.2d 843. Furthermore, we may infer, as we did in White, that plaintiff was entirely blameless with respect to his attorney's failure to provide the needed certification. Id. at 292, 806 A.2d 843.
Since AICRA requires that physician's certifications be served within "60 days following the date of the answer," N.J.S.A. 39:6A-8, one of its primary purposes is to weed out frivolous claims at an early stage. Permitting defendants to arbitrate without raising this defense is contrary to both Rule 4:21A and this goal of AICRA. Therefore, we reverse and remand for such further proceedings as may be required to dispose of the case.
Reversed and remanded.