Affirmed in part and reversed and remanded in part.

901 A.2d 407

ANDRES SOLORZANO, PLAINTIFF–APPELLANT, v. PETER SAPUNARICH, J & S DI FEO FORD, J & S FORD, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 25, 2005—Decided June 23, 2006.

Before Judges COBURN, COLLESTER and S.L. REISNER.

*John O'Dwyer* argued the cause for appellant (*Ginarte, O'Dwyer & Winograd,* attorneys; *Mr. O'Dwyer,* of counsel and on the brief).

*Glenn A. Montgomery* argued the cause for respondents (*Pollock, Montgomery & Chapin,* attorneys; *Mr. Montgomery, of counsel; Mr. Montgomery and Gary Ahladianakis,* on the brief).

The opinion of the court was delivered by

COLLESTER, J.A.D.

The narrow question presented in this appeal is whether the operator of an uninsured motor scooter is foreclosed from seeking recovery for personal injuries suffered in an accident with an automobile. The accident occurred on November 4, 2003, at the intersection of Newark and Pavonia Avenues in Jersey City. An uninsured motor scooter operated by plaintiff Andres Solorzano collided with a Ford Explorer driven by defendant Peter Sapunarich, an employee of defendant J & S DiFeo Ford. Defendants moved for summary judgment, asserting that the suit was barred by *N.J.S.A.* 39:6A–4.5. The motion judge granted summary judgment, and this appeal followed. We reverse.

Under New Jersey law every owner of an automobile registered or principally garaged in this State must maintain a basic automobile policy which provides Personal Injury Protection (PIP) coverage for bodily injury suffered in an automobile injury or caused by an automobile. *N.J.S.A.* 39:6A-1; 39:6A-16. PIP coverage is no-fault insurance which, among other things, reimburses medical expenses incurred or wage losses sustained as a result of the automobile accident. *N.J.S.A.* 39:6A-4. Injured automobile drivers who are uninsured do not receive these benefits since they would draw on the no-fault accident insurance funds to which they did not contribute. *Caviglia v. Royal Tours of America,* 178 *N.J.* 460, 466–71, 842 *A.*2d 125 (2004). Accordingly, *N.J.S.A.* 39:6A-4.5 bars suit by uninsured automobile operators as follows:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [*N.J.S.A.* 39:6A-4] shall have no cause of action for recovery of economic or non-economic loss sustained as a result of an accident while operating an uninsured automobile.

> [*N.J.S.A.* 39:6A-4.5.]

By excluding culpably uninsured automobile operators, the statutory intention is to effectuate insurance cost containment by giving "a very powerful incentive to comply with the compulsory insurance laws: obey automobile liability insurance coverage or lose the right to maintain a suit for both economic and non-economic injuries." *Caviglia, supra,* 178 *N.J.* at 471, 842 *A.*2d 125. An "automobile" is defined as:

> [a] private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pickup body, a delivery sedan, a van, or a panel truck or a camper type vehicle used for recreational purposes owned by an individual or by husband and wife who are residents of the same household, not customarily used in the occupation, profession or business of the insured other than farming or ranching.

> [*N.J.S.A.* 39:6A-2(a).]

On its face this definition of "automobile" does not include a motor scooter. However, the motion judge held that the suit bar was applicable because she deemed it was the intent of the

Legislature to prohibit recovery for operators of such uninsured vehicles. The judge reasoned:

[T]his Court finds ... that the intent of the compulsory liability insurance laws is to insure that uninsured people do not operate motor vehicles on the roads of the State of New Jersey without consequences.

In this case, and as the Court says in *Caviglia versus Royal Tours* case, ... the provisions of the motor vehicle statute limiting causes of action for economic and noneconomic losses were designed to affect the reduction or stabilization of the prices charged for automobile insurance and to streamline the judicial procedures involved in third-party insurance claims, citing to *Gambino versus Royal Globe,* [86 *N.J.* 100, 429 *A.*2d 1039 (1981)].

... [T]he Court finds that the *Caviglia* decision can be extended and should be extended to the case at bar. This was a plaintiff who operated an uninsured motor vehicle. He operated it without a license. There was an accident.

This Court finds that he should not be entitled to recover for economic or noneconomic damages, consistently, as I indicated, with the Supreme Court decision.... I'm finding that that is consistent with the spirit and intent of the statute in question.

Mr. O'DWYER: Your Honor, and the statute in question is 6A:4.5, so extending that beyond its plain terms. Just so it will be clear to the Appellate Division that we're—we're not—we're finding that although it's not an automobile, we're extending it based on the—what the Court finds to be the intent of the legislature.
. . . .

THE COURT: ... [Y]es. The Court finds ... that this ruling by this Court is consistent with the *Caviglia* case. The intent of these laws is for the protection of the public.... [T]he participants in the insurance system, the Courts have determined, are entitled to recover. Those who elect to operate motor vehicles in violation of the mandatory or compulsory insurance laws, [are precluded from recovery].

We disagree. The plain meaning of *N.J.S.A.* 39:6A–4.5(a) restricts the statutory bar to a culpably uninsured operator of an "automobile." In ascertaining legislative intent we generally rely upon the plain language of the legislation. *O'Connell v. State,* 171 *N.J.* 484, 488, 795 *A.*2d 857 (2002); *Young v. Schering Corp.,* 141 *N.J.* 16, 25, 660 *A.*2d 1153 (1995). There is no ambiguity in the statutory language. We cannot torture the definition of "automobile" to include a motor scooter when the legislative definition does not include it. Rather, proper construction of "automobile" in *N.J.S.A.* 39:6A–2(a) relates to the type of vehicle and then examines its use. *New Jersey Manufacturers Ins. Co. v. Hardy,* 178 *N.J.* 327, 334–35, 840 *A.*2d 231 (2004). *See also Hernandez v.*

*Stella,* 359 *N.J.Super.* 415, 418, 820 *A.*2d 102 (App.Div.2003); *Simon v. CNA Ins. Co.,* 225 *N.J.Super.* 606, 614, 543 *A.*2d 110 (App.Div.), *certif. denied,* 113 *N.J.* 350, 550 *A.*2d 461 (1988); *Giordano v. Allstate Ins. Co.,* 260 *N.J.Super.* 329, 330–33, 616 *A.*2d 936 (App.Div.1992); *Wagner v. Transamerica Ins. Co.,* 167 *N.J.Super.* 25, 30–34, 400 *A.*2d 497 (App.Div.), *certif. denied,* 81 *N.J.* 60, 404 *A.*2d 1159 (1979). The statutory interpretation by the motion judge erroneously fails to consider the type of vehicle defined by *N.J.S.A.* 39:6A–2(a) as an "automobile." The motion judge apparently equated "automobile" in *N.J.S.A.* 39:6A–4.5 with any motorized vehicle. However, "automobile" is defined in *N.J.S.A.* 39:6A–2(j) by reference to the broad definition of that term found in *N.J.S.A.* 39:1–1, which specifically excludes a "motorcycle."

Case law has considered a motor scooter as a "motorcycle," as defined in *N.J.S.A.* 39:1–1, *Cruz v. Trotta,* 363 *N.J.Super.* 353, 362, 833 *A.*2d 72 (App.Div.2003), and we have held that a motorcycle is not an "automobile" as defined in the No Fault Act. *Muto v. Kemper Reinsurance Co.,* 189 *N.J.Super.* 417, 422, 460 *A.*2d 199 (App.Div.1983); *see also Morgan v. Orcinoli,* 183 *N.J.Super.* 338, 341, 443 *A.*2d 1111 (Law Div.1981) (holding that there is a rational basis for excluding motorcyclists from PIP benefits because no fault premiums would be excessive); *Gerber v. Allstate Ins. Co.,* 161 *N.J.Super.* 543, 547, 391 *A.*2d 1285 (Law Div.1978) (a motor scooter held to be a "motorcycle"); *Bingham v. Home Indem. Co.,* 146 *N.J.Super.* 166, 168, 369 *A.*2d 47 (Law Div.1976) (finding that a motorcycle does not fall within the statutory term "automobile" so that the operator of a motorcycle is barred from PIP recovery). While recent amendments to *N.J.S.A.* 39:1–1 have defined motor scooters differently from motorcycles in order to prohibit their use on public highways and public lands, *N.J.S.A.* 39:4–14.12, the statutory distinction further illustrates that a motor scooter cannot be considered an automobile under the No Fault Act, especially since children as young as twelve are permitted to operate motor scooters. *N.J.S.A.* 39:14.14(d).

Defendants argue since *N.J.S.A.* 39:4–14.14(c) requires liability insurance be maintained for registration and operation of a motor scooter, and *N.J.S.A.* 17:28–1.3 requires motor vehicles "exclusive of an automobile" to maintain insurance to provide PIP coverage benefits for injured pedestrians, there is a basis to read "automobile" to include all such vehicles with the statutory bar from suit. However, neither statute requires PIP coverage for operators of these vehicles, as contrasted with the mandatory coverage for drivers of automobiles under *N.J.S.A.* 17:28–1.4

There is another comprehensible rationale for excluding drivers of vehicles such as motor scooters from the suit bar of *N.J.S.A.* 39:6A–4.5a. The No Fault Act is designed as a trade-off, restricting the right of suit in exchange for prompt payment of medical expenses and anticipated lowering of insurance premiums. To extend PIP benefits to operators of vehicles other than automobiles would obviously increase no fault premiums. Therefore, the Legislature has determined that non-automobiles would not share in the benefits of PIP coverage or, conversely, bear the burden of mandatory PIP coverage including a suit bar of an uninsured operator of a non-automobile.

We conclude based on the clear language of *N.J.S.A.* 39:6A–4.5 and its proper interpretation in the context of the policy and provisions of the No Fault Act that the statutory bar from suit does not encompass the injured driver of an uninsured motor scooter. Accordingly, we reverse the order of summary judgment and remand for trial.

Reversed and remanded.