**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2317-21

NAYITH CANTILLO,

    Plaintiff-Appellant,

v.

VERONICA LIZANO-VALERIO,

    Defendant-Respondent.

_____

Submitted October 11, 2023 – Decided December 20, 2023

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2009-20.

Lento Law Group, attorneys for appellant (Anthony Scordo, on the brief).

Law Office of Frank A. Viscomi, attorneys for respondent (Jason B. Levoy, on the brief).

PER CURIAM

    Plaintiff Nayith Cantillo appeals from the Law Division's January 7, 2022 order granting summary judgment to defendant Veronica Lizano-Valerio and

dismissing plaintiff's complaint, and the March 4, 2022 order denying reconsideration of that order. We affirm both orders.

Plaintiff and defendant were involved in a motor vehicle accident in July 2018. At the time, plaintiff was insured under an automobile policy that included the limitation on lawsuit election, known as the "verbal threshold" of the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1 to -35.

Plaintiff filed a complaint in July 2020 against defendant alleging personal injuries that were permanent in nature. In July 2021, the discovery end date was extended to October 21, 2021, by consent of the parties. See R. 4:24-1(c). The court also ordered both parties to exchange their expert reports by October 15, 2021.

During an independent medical examination conducted on August 17, 2021 by Warren A. Hammerschlag, M.D., plaintiff reported he had completed all active treatment for orthopedic symptoms related to the accident and he was "all better." After interviewing plaintiff, conducting a physical examination, and reviewing plaintiff's medical history and records, Dr. Hammerschlag concluded plaintiff had sustained "mild soft tissue injury (sprain/strain) of the

cervical spine and lumbar spine" in the car accident and "those conditions subsequently resolved completely, with no permanent injury."

After the close of discovery, defendant filed a motion for summary judgment in November 2021 on the grounds that plaintiff failed to meet the verbal threshold standard as required by N.J.S.A. 39:6A-8(a). Two days before the return date of the motion, plaintiff's counsel requested a one-cycle adjournment, which was granted, but then filed opposition to the motion out of time. Attached to his opposition was a physician's certification signed by "K. Kazan, D.C." and dated December 13, 2019, which had not been produced to defendant in discovery. The certification did not append the chiropractor's narrative report or any other supporting documentation.

Prior to arbitration, which was scheduled for January 13, 2022, the court conducted oral argument on defendant's motion. In its discretion, the court considered plaintiff's late opposition in order to render a decision on the merits. At oral argument, plaintiff's counsel advised the court that Dr. Kazan was deceased and therefore his law firm was having "some difficulty tracking down" the narrative report that typically accompanied a physician's certification.

The judge first addressed plaintiff's belated production of the physician's certification. She noted the certification is required by statute to "provide

A-2317-21

evidence that [plaintiff's] claim is meritorious and . . . to thwart fraud by furnishing a legal foundation for a charge of perjury, should false swearing later be sworn."  She further explained that N.J.S.A. 39:6A-8(a) requires plaintiff to provide the certification within sixty days of filing an answer to the complaint, with one additional sixty-day extension permitted by statute.  The judge noted the certification is a procedural requirement to maintain the lawsuit, but is not intended to establish a cause of action.

As to plaintiff's belated production of the certification, the judge found:

> But as an object of discovery not ever produced and as an exhibit attached to the late opposition on a summary judgment motion two months after the close of discovery, in a track two case with 420 days of discovery, that window has closed.  The discovery end date was not reopened and the certification was never provided.

She further noted the "failure to provide [a physician's certification] is akin to a failure to make discovery," and the certification had been "available for the entirety of the discovery period."  She found plaintiff's failure to produce the certification or any document confirming a permanent injury "ha[d] irremediably prejudiced [defendant]."

Turning to the summary judgment motion, the judge determined there were no genuine issues of material fact.  Plaintiff's complaint contended

permanent injury and therefore he was required to produce evidence to meet the verbal threshold. Plaintiff's opposition to the motion referred to a magnetic resonance imaging (MRI) report and Dr. Kazan's narrative report, but these documents were not filed with the court. Although the judge had stricken Dr. Kazan's certification from the record, she noted that it was "nothing more than that, a certification," which did not constitute the requisite proofs to establish objective and credible evidence of a permanent injury. Thus, the judge found defendant was entitled to summary judgment.

Plaintiff then sought reconsideration which relied on the opposition he previously filed. The MRI report and Dr. Kazan's narrative report were again referred to but not filed with plaintiff's motion. Plaintiff did not argue that the court's decision was incorrect or had been based on a faulty legal analysis. Instead, during oral argument, plaintiff's counsel stated he had forgotten to raise an estoppel issue during the summary judgment motion. Specifically, plaintiff argued that because an arbitration date had been set, defendant should have been equitably estopped from moving to dismiss the complaint based on plaintiff's failure to provide a physician's certification. The court rejected this argument, explaining that

> the issue was not the claim itself, it was the untimely submission of the certification.

5

This court did not dismiss the case because the certification had not been provided. It disregarded [the certification] because it had not been provided to [d]efendant and [p]laintiff sat on [his] hands for two years. Defendant was not afforded the opportunity to review and question the document and is prejudiced as a result.

In denying the motion for reconsideration, the judge again commented she still did not have any supporting documents from plaintiff:

Plaintiff needs to provide objective and credible evidence of a permanent injury. Plaintiff's other arguments for reconsideration rely upon the provision of relevant medical evidence sufficient to reach the verbal threshold requirements, which was not attached to the original motion and was, again, not submitted here, even though the brief indicates its attachment.

This court cannot consider what it does not have. Absent evidence before this court's eyes is non-existent evidence. Simple statements that evidence exists, without more, are but empty words that do not create a genuine issue of material fact.

This appeal follows. We granted plaintiff's motion to supplement the record with the police accident report, Dr. Kazan's narrative report and the MRI reports. In support of the motion, counsel certified he believed the documents had been filed with the motion for reconsideration in the Law Division, but discovered during oral argument on the motion that they were inadvertently not filed.

6

Plaintiff raises two issues on appeal, which we address in turn. First, plaintiff argues summary judgment should have been denied because he met the verbal threshold as demonstrated in the MRI reports showing herniated discs at the lumbar and cervical areas. We begin our consideration of this issue with the trial court's decision to strike Dr. Kazan's certification.

Our review of discovery orders is generally made under the abuse of discretion standard, meaning "whether the trial court mistakenly exercised its discretion in denying plaintiff's motion for an extension of the discovery period under [Rule] 4:24-1(c)." Huszar v. Greate Bay Hotel & Casino, Inc., 375 N.J. Super. 463, 471-72 (App. Div.), rev'd on other grounds, 185 N.J. 290 (2005). Normally, we "defer to the trial court's disposition of discovery matters . . . unless the court has abused its discretion. When the trial court's order is based on a mistaken understanding of the applicable law, however, such deference is inappropriate." Spinks v. Twp. of Clinton, 402 N.J. Super. 454, 459 (App. Div. 2008) (internal quotations and citations omitted).

The trial court did not abuse its discretion by barring plaintiff's physician's certification. It was not provided until plaintiff filed his opposition to defendant's motion for summary judgment, which was after the discovery deadline and well beyond the deadline for service of expert reports. Plaintiff

7

did not file a motion to extend the overall discovery deadline or the deadline to serve expert reports. In addition, Rule 4:24-1(c) provides in part "[n]o extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." To extend discovery based on exceptional circumstances, a moving party must show:

> (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
>
> [Castello v. Wohler, 446 N.J. Super. 1, 25 (App. Div. 2016) (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 79 (App. Div. 2005)).]

Plaintiff did not ask to extend discovery and, other than advising the court at oral argument that Dr. Kazan was deceased, never specified what circumstances prevented him from completing discovery or what factors were beyond his attorney's control. He did not explain how counsel was diligent or why an extension was not requested before the extended discovery deadline. And as the judge found, defendant was prejudiced by the late service of the

certification because she had no opportunity to review and rebut it.  On this record, the court did not abuse its discretion in striking Dr. Kazan's certification.

We then consider the trial court's order granting summary judgment to defendant, which we review under the same standard employed by the motion judge.  Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016).  The question is whether the evidence, when viewed in a light most favorable to the non-moving party, raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether the evidence is so one-sided that one party must prevail as a matter of law.  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

In order to satisfy the verbal threshold under AICRA, a plaintiff must submit a physician's certified statement that "the automobile accident victim suffered from a statutorily enumerated injury."  Davidson v. Slater, 189 N.J. 166, 181 (2007) (citing N.J.S.A. 39:6A-8(a)).  One type of qualifying injury is a "permanent injury within a reasonable degree of medical probability."[1]

---

[1] An injury is considered permanent "when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment."  Davidson, 189 N.J. at 189 (citing N.J.S.A. 39:6A-8(a)).

N.J.S.A. 39:6A-8(a). The doctor's certification must be based on "objective clinical evidence," ibid., meaning that the necessary objective evidence must be "derived from accepted diagnostic tests and cannot be 'dependent entirely upon subjective patient response.'" Davidson, 189 N.J. at 181 (quoting N.J.S.A. 39:6A-8(a)). The doctor's certification is to be served within sixty days from the defendant's answer or, if an extension is granted for good cause, within sixty days thereafter. N.J.S.A. 39:6A-8(a).

Plaintiff contends Dr. Kazan's certification, along with the narrative report and MRI reports, should have been relied on as evidence there was a genuine issue of material fact that he could vault the threshold. In order to do so, we would be required to disregard the trial court's reasoned decision to strike the certification from the record. For the same reasons supporting the decision to strike the certification, we decline to substantively consider Dr. Kazan's narrative report and the MRI reports at this woefully belated date. To hold otherwise would be grossly unfair to defendant, who was not provided with these documents until well after the close of discovery, without any justification of exceptional circumstances.

Moreover, as the trial court found, a chiropractor's certification of permanency submitted to comply with N.J.S.A. 39:6A-8(a) does not establish

prima facie evidence of a permanent injury either warranting a trial or precluding summary judgment. Rios v. Szivos, 354 N.J. Super. 578, 584-85 (App. Div. 2002). "[T]he certification is necessary to state a claim, not establish a claim and the certification will be subject to the usual discovery and summary judgment process." Rogozinski v. Turs, 351 N.J. Super. 536, 552 (App. Div. 2002). As we explained:

> Indeed, the certification is merely a statement of a conclusion, by a board certified physician, that the plaintiff has sustained an injury that falls within one of the categories of injuries in the statutory threshold. As the statute provides, the certification must be based upon and refer to objective clinical evidence. The factual basis of the certification may, however, be called into question. The conclusion that the plaintiff has sustained a permanent injury as defined in the law may be subject to challenge. All of these issues may properly be raised by the defendant on a motion for summary judgment.
>
> Therefore, in order to survive a motion for summary judgment under the limitation on lawsuit threshold, the plaintiff must raise a genuine issue of material fact as to whether the plaintiff sustained an injury that meets the statutory threshold. R. 4:46-2(c). The plaintiff must show that the injury is a serious injury. To do so, the plaintiff must present objective credible evidence to support the claim. In addition, the plaintiff must show that the injury has had a serious impact on the plaintiff's life.
>
> [Ibid.]

Even if we considered the additional documents, they do not preclude summary judgment because they do not establish a "serious permanent injury." Dr. Kazan's supplemental report indicated plaintiff had "suffered a relapse of symptoms" in 2019, including constant and severe low back pain, difficulty sitting, radiation of pain to gluteal regions and upper arms, difficulty raising right arm and painful right and left shoulders. However, the report was insufficient to survive summary judgment because "[t]he mere presence of pain and stiffness is not evidence of a significant injury," id. at 553, and nothing in the report indicated these injuries had a serious impact on plaintiff's life, which is required to sustain a cause of action under AICRA.

As the trial court noted, plaintiff was examined by Dr. Hammerschlag over two years after Dr. Kazan's report, at which time plaintiff reported he was "all better." The "current complaints" section of his report indicates:

> At the present time, the examinee described "ache" localized to the right shoulder associated with overhead activity and "stiffness" localized to the lumbar area. The examinee stated that his prior symptoms localized to the cervical region had resolved completely, without recurrence. The examinee denied radiation of pain, paresthesias, or numbness to the upper or lower extremities and denied any additional residual complaints attributed to the motor vehicle accident of 7/23/18. The examinee denied use of any prescription medication, stating that he utilized Tylenol or ibuprofen on an occasional basis, with good symptomatic relief.

12

Dr. Hammerschlag's physical examination, in which plaintiff was able to participate "without limitation or restriction," demonstrated plaintiff had full range of motion with no pain in his cervical, thoracic and lumbar spine regions, and upper and lower extremities. Plaintiff did not have any masses, tenderness, weakness, muscle spasms, asymmetry or deformity in any of those areas. Plaintiff reported that, after the accident, he resumed his work and personal activities "without interruption, limitation or restriction."

Plaintiff argues the conflicting reports create a genuine issue of material fact precluding summary judgment. We disagree. While we are to view the evidence in the light most favorable to plaintiff, we are not required to disregard plaintiff's own statements as to his full and complete recovery. Dr. Kazan's report does not establish a serious, permanent injury that had a serious impact on plaintiff's life, and Dr. Hammerschlag's report precludes that finding. Thus, there is no genuine issue of material fact and defendant was entitled to summary judgment.

Second, plaintiff argues the trial court erred in denying his motion for reconsideration because defendant should have been estopped from seeking dismissal of the complaint. Our review of a reconsideration order is limited. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015). Reconsideration

13

is not appropriate merely because a litigant is dissatisfied with a decision. D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration is appropriate only where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid.

In addition to raising the same arguments in the summary judgment motion, defendant's motion for reconsideration was premised on the holding in Hernandez v. Stella, 359 N.J. Super. 415 (App. Div. 2003). In that case, which also involved a verbal threshold complaint under AICRA, plaintiff failed to file a physician's certification. Defendants waited "seven months after the two-year statute of limitations had expired with respect to plaintiff's claim, and over three months after the arbitration" to file a motion for summary judgment seeking dismissal for lack of a certification. Id. at 417. Because the certification is intended to "weed out frivolous claims at an early stage," we held defendants were equitably estopped from raising this defense at such a late stage in the litigation.

The judge correctly denied the motion for reconsideration because, as she explained, she did not dismiss the complaint for failure to provide the

certification; rather, she disregarded the certification because it had not been produced in discovery. Defendant was not seeking to dismiss the complaint for failure to produce the certification and therefore <u>Hernandez</u> was inapplicable. Because plaintiff failed to demonstrate the court's decision granting summary judgment was palpably incorrect or based on an irrational basis, reconsideration was not warranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2317-21