214 N.J. Super. 397 (1986)
519 A.2d 905
SADALLAH TAHA, PLAINTIFF-RESPONDENT,
v.
MARYANN DE PALMA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 15, 1986.
Decided December 22, 1986.
*398 Before Judges MORTON I. GREENBERG, R.S. COHEN and GRUCCIO.
Methfessel & Werbel, attorneys for appellant (Kenneth A. Richards, on the brief).
Lerner & Piermont, attorneys for respondent (Susan Hockeiser, of counsel and on the brief).
The opinion of the court was delivered by COHEN, R.S., J.A.D.
The issue presented by this case is whether an accepted award made in the statutory program of arbitration for auto negligence actions, N.J.S.A. 39:6A-24 et seq., has preclusive effect on subsequent claims among the same parties arising out of the accident. We hold that the arbitration award has no such preclusive effect.
Here are the facts. Yasir Matan was a passenger in a car driven by plaintiff Sadallah Taha when it was in a collision with a car driven by defendant Maryann DePalma. Matan sued both drivers for personal injury damages. Taha started a separate suit against DePalma for personal injury damages. Then, the *399 passenger's claim was submitted to arbitration as required by law. The arbitrator found that Taha's negligence was 75% responsible for the accident and DePalma's was 25% responsible. He awarded the passenger damages of $3000. None of the parties petitioned the court for a trial de novo or for modification or vacation of the award. Instead, a stipulation of dismissal of the passenger's suit was filed, signed by counsel; it was signed for Taha by counsel supplied by his insurance carrier. From the record before us, it is impossible to tell if Taha himself actually knew of the award, the decision to accept it or the stipulation of dismissal.
Later, Taha's claim against DePalma was presented for arbitration. The second arbitrator awarded no damages to Taha. Relying on the first award, he ruled as follows:
Previous arbitration award gave this plaintiff 75% negligence. He participated and is now barred by Collateral Estoppel.
For reasons which do not appear, the two suits were then consolidated. DePalma moved for summary judgment on the basis of collateral estoppel. Judge Dorothea Wefing denied the motion, ruling that preclusive effect did not attach to the first award. DePalma appealed, and we now affirm.
Since the rules of preclusion vary with the nature of the proceedings involved, a close look is necessary at the setting in which the first arbitration took place. It was a statutory proceeding required by N.J.S.A. 39:6A-24 et seq., which establishes a judicially managed system of mandatory but non-binding arbitration of some personal injury auto negligence claims. The declared purpose of the statute is:
to establish an informal system of settling tort claims arising out of automobile accidents in an expeditious, and least costly manner, and to ease the burdens and congestion of the State's courts. [N.J.S.A. 39:6A-24]
Arbitration is required where the amount in controversy is $15,000 or less, and is permitted with consent of all parties in cases presenting larger claims. N.J.S.A. 39:6A-25.
An award need not be accepted by the parties. Any one of them may have a trial de novo simply by filing a timely request. N.J.S.A. 39:6A-31. If no one asks or petitions for *400 modification or vacation of the award, the court will confirm it on motion. Idem. Court action is not necessary if, as here, the parties submit a stipulation of dismissal. But see Mack v. Berry, 205 N.J. Super. 600 (Law Div. 1985) (infant's claim).
The arbitrator's hearing is an informal one. All relevant evidence is admitted. Liability and medical experts' reports, police and hospital reports may be received in evidence. R. 4:21A-4(c). No record of the testimony is kept. R. 4:21A-4(d). If there is a trial de novo, the parties may not use any of the statements, admissions, or testimony from the arbitration proceedings, or the arbitrator's award or findings or conclusions. N.J.S.A. 39:6A-33; R. 4:21A-4(e).
This is not the kind of proceeding to which preclusive effect attaches. A party is precluded from relitigating matters or facts which the party actually litigated and which were determined in a prior action, involving a different claim or cause of action, and which were directly in issue between the parties. Mazzilli v. Accident & Casualty Ins. Co., 26 N.J. 307, 314-316 (1958); Zoneraich v. Overlook Hospital, 212 N.J. Super. 83, 93 (App.Div. 1986); Restatement, Judgments 2d, § 27 (1982). Among the recognized exceptions to the general rule of preclusion are cases where a new determination is warranted by differences in the quality or extensiveness of the procedures in the two tribunals. Another exception is for cases where the public interest militates against preclusive effect. Restatement, Judgments 2d, § 28 (1982); Zoneraich v. Overlook Hospital, 212 N.J. Super. at 94-95. Both exceptions apply to statutory auto arbitration awards. In addition auto arbitration awards do not constitute determinations made after litigation.
Unlike usual arbitration proceedings, statutory auto arbitration is not a substitute for litigation. Cf. Korshalla v. Liberty Mutual Insurance Co., 154 N.J. Super. 235, 240 (Law Div. 1977). The proceedings are not intended to displace or dilute the opportunity for jury trial. The statute itself describes it as "an informal system of settling tort claims." N.J.S.A. 39:6A-24. Every effort is made to prevent the proceedings *401 from focusing on finality. The hearing may very well take place before discovery is complete and the parties are ready for plenary trial. Rules of evidence are not enforced. Informal presentation of proof is encouraged. No record is kept for the trial de novo which may follow. If the case is closed, it is not by judgment but by consent of the parties.
The stakes in an auto arbitration may be small. Here, the passenger's damages were valued at $3000, an amount which may not warrant a de novo jury trial. But, the injured defendant who is represented by insurance counsel in the first arbitration, but whose injuries may be so severe as to exempt his claim from arbitration, may want a jury trial of his own claim. In order to secure it, however, he will have to reject the relatively minor award against him in the first case if it would have preclusive effect, thus barring settlement of the smaller claim.
In all of these circumstances, attaching preclusionary effect to statutory auto arbitration awards would unjustifiably dignify informal proceedings which are not intended as final adjudications. Giving the awards such an effect would defeat the legislative purpose of encouraging settlement while preserving the opportunity for jury trial.
Affirmed.