806 A.2d 843 (2002)
354 N.J. Super. 284
Martha WHITE and Marva White, Plaintiffs-Appellants,
v.
Anita O. KARLSSON, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 2002.
Decided October 3, 2002.
*844 Gloria B. Cherry argued the cause for appellants (Braff, Harris & Sukoneck, attorneys; Ms. Cherry, on the brief).
Eric Kuper, North Brunswick, argued the cause for respondent (Lynch Martin, attorneys; Mr. Kuper, of counsel; Mr. Kuper and Stephen T. Sullivan, on the brief).
Before Judges COBURN, COLLESTER and ALLEY.
The opinion of the court was delivered by
COBURN, J.A.D.
This is an action for personal injuries arising out of a two-car automobile accident. A week before trial, defendant's attorney served plaintiffs' attorney with a *845 motion for summary judgment asserting that plaintiffs' claims were barred by the statute of limitations. Plaintiffs' attorney admitted the complaint was filed twenty-nine days late, but argued that the defense had been waived. The judge granted defendant's motion. Plaintiffs appeal, and we reverse.
On January 23, 1998, in Monroe Township, defendant drove her car across the center line of a road into the front of plaintiffs' car, which was stopped for a traffic light. Plaintiff Martha White sustained serious injuries and incurred over $55,000 in medical expenses. Her daughter, Marva, suffered relatively minor injuries. They promptly retained an attorney, who sent a claim letter to defendant's insurance company in March. Beginning in April and continuing through September 1999, the insurance company corresponded with plaintiffs' attorney on a number of occasions, thereby gathering information about the accident and injuries. It is reasonable to infer that the insurance company was also in contact with its insured during this period. Plaintiffs' attorney filed the complaint on February 22, 2000, two years and twenty-nine days after the accident. The record does not indicate when the defendant was served, but on June 26, 2000, plaintiffs' attorney sent copies of the summons and complaint, along with proof of service, to defendant's insurance company.
Defendant's attorney filed an answer on July 12, 2000, denying all the allegations of the complaint and asserting eighteen affirmative defenses, many of which had no possible basis in fact. They included reliance on the entire controversy doctrine, the Worker's Compensation Act, waiver, laches, res judicata, lack of personal jurisdiction, forum non conveniens, and the frivolous claims statute. However, the fifth defense was statute of limitations.
Following a period of discovery, the case was listed for mandatory arbitration pursuant to R. 4:21A-1(a)(1). On January 4, 2001, the arbitrator found defendant entirely at fault, and awarded Marva $7,500 and Martha $225,000. In that proceeding, defendant's attorney did not assert that the action was barred by the statute of limitations.
Defendant's attorney filed a timely request for a trial de novo, and continued to engage in discovery. On February 12, defendant answered plaintiffs' interrogatories. Question 12 stated: "If you intend to rely on any statute ... state the exact title and section." Defendant's answer was this: "N.J.S.A. 39:1-1 et seq."
On February 13, 2001, defendant's attorney deposed plaintiff Martha White without making any inquiry respecting a matter that might be relevant to a statute of limitations defense. Around that time, plaintiffs' attorney began acquiring and paying for expert reports. In March 2001, defendant's attorney filed a motion to extend the time for discovery and to adjourn the trial date. Plaintiffs' attorney joined in the motion, stating that he intended to obtain reports from a vocational expert and an economic expert. The motion was granted on April 20, 2001, extending discovery to June 15, 2001, and setting the trial for June 25, 2001.
On June 18, 2001, defendant's attorney served the motion for summary judgment which asserted a right to dismissal of the complaint based on the statute of limitations. At oral argument before us, defendant's attorney conceded that he first became aware of the basis for that defense when reviewing the file shortly before he filed the motion.
Plaintiffs' action is governed by N.J.S.A. 2A:14-2, which requires the filing of personal injury actions within two years *846 after accrual, but defendant's reliance on that statute is also subject to the common law of limitations. Galligan v. Westfield Centre Ser., Inc., 82 N.J. 188, 191, 412 A.2d 122 (1980). The relevant common law principle is that a defendant otherwise entitled to a statute-of-limitations defense may waive that defense. Williams v. Bell Tel. Lab., Inc., 132 N.J. 109, 118-20, 623 A.2d 234 (1993); Zaccardi v. Becker, 88 N.J. 245, 256-60, 440 A.2d 1329 (1982).
In Williams, defendant included a statute-of-limitations defense in its answer and never mentioned the subject again at any stage of the proceedings until after the jury returned a verdict. 132 N.J. at 113-14, 623 A.2d 234. In upholding the trial court's rejection of defendant's post-verdict motion for judgment based on the statute, the Court said this:
No unforeseen or insurmountable developments intruded in this litigation to inhibit in any way Bell's pursuit of its limitations defense. The mere one-time mention of the statute in Bell's Answerfiled in 1986should not serve to preserve that otherwise-unasserted defense through the entire three-and-one-half-year span of the litigation, through preparation for and conduct of a protracted trial, and into a post-verdict submission, in the course of which both parties undoubtedly expended large amounts of time, money, and energy. The statute is designed to order the business of litigants and courts. In the circumstances of this appealin which a failure to find waiver would only frustrate those objectiveswe refuse to apply the statute to render void an otherwise legitimate claim.

[132 N.J. at 119-20, 623 A.2d 234 (citations omitted).]
In Zaccardi, plaintiffs filed a timely action which was dismissed without prejudice for failure to answer interrogatories. 88 N.J. at 249-50, 440 A.2d 1329. Despite the dismissal, the case remained on the active trial calendar for seventeen months and was repeatedly listed for trial, and then adjourned for further discovery without objection by defendants. Id. at 250, 440 A.2d 1329. At the end of that time, plaintiffs filed a motion to vacate the dismissal; the motion was granted over defendants' objection that the dismissal was a final order, a point never before raised. Id. at 257, 440 A.2d 1329. Defendants appealed, and immediately following reversal of the vacation order, plaintiffs filed a second complaint, identical to the first. Id. at 255, 440 A.2d 1329. Defendants moved for summary judgment on the ground that the second complaint was barred by the statute of limitations. Id. at 249-57, 440 A.2d 1329.
The Court held that defendants were not entitled to rely on a statute of limitations defense for two reasons. First, defendant's conduct throughout the seventeen months was inconsistent with maintenance of the position that the action was barred by the statute of limitations. Second, defendant's behavior led plaintiffs to the reasonable conclusion that defendant had no objection to continuation of the case:
[A] defendant's conduct is relevant to the availability of a statute of limitations defense.... [Here defendants] added to the delay while plaintiffs acted under the reasonable misapprehension that the defendants had agreed to the continuation of the case. In fact, defendants did not question the pendency of the lawsuit until plaintiffs moved to vacate the dismissal. Then for the first time defendants argued that plaintiffs' case had been dismissed with finality. This contention was inconsistent with defendants' conduct over the preceding year and a half. We believe defendants' *847 counsel was under a duty to bring to the trial court's attention the fact that a case on the trial calendar had already been dismissed. Having thus significantly contributed to the delay in adjudicating this case, he cannot now claim on behalf of his clients that the case is stale and ought not to be heard.
[Id. at 257-58, 440 A.2d 1329.]
Of course, neither Williams nor Zaccardi is directly on point, but their principles justify rejection of defendant's reliance on the statute of limitations in this case.
We begin our analysis by noting that the answer filed by defendant's attorney violated R. 1:4-8, which states, in part, that by signing a pleading an attorney "certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]" the "defenses ... therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" R. 1:4-8(a), (a)(2). Many of the defenses asserted in this case could not possibly meet that test. Moreover, defendant's attorney's admission that he did not recognize the possibility of a statute-of-limitations defense until shortly before trial, shows that he originally listed that defense without making the reasonable inquiry required by the rule and without the knowledge, information, or belief that might warrant its inclusion in the answer. The pleading of this defense also violated Rule 4:5-4 in that it failed to "set forth specifically ... a statement of facts constituting [the] affirmative defense." It is difficult to take such a pleading seriously.
As in Williams, nothing occurred in this litigation to inhibit defendant's timely pursuit of a limitations defense, and as a result of defendant's inaction both parties expended substantial time, energy, and money preparing for trial. Unlike Williams, defendant finally moved for summary judgment on the limitations issue before trial. Defendant argues that therefore the assertion should be considered timely. Were it not for three actions taken by defendant's attorney, we would be inclined to agree: participating in mandatory arbitration under R. 4:21A without raising the defense, supplying plaintiffs' attorney with an interrogatory answer stating that the only statute on which defendant would rely was the Motor Vehicle Code, and continuing to engage in discovery with the knowledge that plaintiffs' attorney would be incurring substantial expenses in preparation for trial.
We note with respect to the arbitration that each party is required to submit a "concise statement of the factual and legal issues," R. 4:21A-4(a), and that the arbitrator is empowered to "determine the law and facts of the case," R. 4:21A-4(b). Although we have taken note of the informality of these proceedings, Taha v. DePalma, 214 N.J.Super. 397, 400-01, 519 A.2d 905 (App.Div.1986), the Supreme Court has observed "that the Legislature sought to preserve judicial resources and improve efficiency by providing for [this form of] arbitration," Hartsfield v. Fantini, 149 N.J. 611, 616, 695 A.2d 259 (1997). Defendant's attorney's failure to raise the statute-of-limitations defense at the arbitration obviously interfered with achievement of that legislative goal.
Nor can we lose sight of the effect of that failure on plaintiffs in the circumstances of this case, and the lack of any prejudice to defendant. Plaintiffs promptly authorized institution of this lawsuit. Defendant was obviously aware that claims were likely to be filed on the date of the accident, and she and her insurance company became aware of the actual claims within a few months of the accident.
*848 Plaintiffs participated in discovery, and participated in an arbitration in which the only real issues were the extent of their injuries and the amount of compensation. Neither they nor their attorney had any reason to believe defendant was relying on the limitations defense. On receipt of the application for a trial de novo, they were entitled to assume that the merits of their action would be tried, a point fortified by defendant's subsequent answer to interrogatory twelve, her attorney's motion to extend the time for discovery, and his failure to pose any questions at Martha's deposition relevant to a limitations defense.
To read Williams as defendant would have us do, namely as holding that a motion based on the statute of limitations is timely whenever it is made before trial, would be inconsistent with Zaccardi. For in that case, the application was made before trial, and yet the Court had no difficulty in barring reliance on the limitations statute. Zaccardi, 88 N.J. at 255-58, 440 A.2d 1329.
The "primary purpose behind statutes of limitation is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend; another is to stimulate litigants to pursue their causes of action diligently and to prevent the litigation of stale claims." Kaczmarek v. N.J. Tpk. Auth., 77 N.J. 329, 337, 390 A.2d 597 (1978). Here, defendant clearly had a fair opportunity to defend, which she exercised through her insurance company, beginning within a few months of the accident, and through her attorney, following the filing of the complaint, which was a mere twenty-nine days late. It would be absurd to call this claim stale in these circumstances.
We may infer that plaintiffs were ignorant of their attorney's failure to file the complaint in a timely fashion, and in Lopez v. Swyer, the Court said, "it seems inequitable that an injured person... should be denied his day in court solely because of his ignorance, if he is otherwise blameless." 62 N.J. 267, 274, 300 A.2d 563 (1973). Moreover, a court should not "apply strictly and uncritically a statutory period of limitations without considering conscientiously the circumstances of the individual case ...." Kaczmarek, 77 N.J. at 338, 390 A.2d 597. A limitations defense should not be permitted when its "`mechanistic' application ... would ... inflict obvious and unnecessary harm upon individual plaintiffs without advancing [the] legislative purposes." Galligan, supra, 82 N.J. at 192, 412 A.2d 122. Since that is precisely what occurred in the trial court, and since the equities clearly weigh in plaintiffs' favor, id. at 193, 412 A.2d 122, we reverse and remand for a trial on the merits.
Reversed and remanded.