**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4389-16T4

KIM OREFICE,

    Plaintiff-Appellant,

v.

TOWNSHIP OF LYNDHURST,
TOWNSHIP OF LYNDHURST
POLICE DEPARTMENT, OFFICER
JOHN VALENTE, and CHIEF JAMES
O'CONNOR,

    Defendants-Respondents.

_____

Submitted October 11, 2018 - Decided October 22, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4626-15.

Martin S. Fishman, attorney for appellant.

Pfund McDonnell, PC, attorneys for respondent Township of Lyndhurst (David T. Pfund, of counsel; Mary C. McDonnell, on the brief).

Botta Angeli, LLC, attorneys for respondents Township of Lyndhurst Police Department, Officer John Valente and Chief James O'Connor (Christopher C. Botta and Natalia R. Angeli, on the brief).

PER CURIAM

Plaintiff Kim Orefice appeals from an order of summary judgment dismissing her complaint for malicious prosecution and violation of her rights under the New Jersey Constitution against defendants Township of Lyndhurst, Township of Lyndhurst Police Department, Officer John Valente and Chief James O'Connor on statute of limitations grounds. We affirm.

The essential facts are undisputed. Plaintiff was employed by Lyndhurst as a parking enforcement officer, sometimes full-time and sometimes on a part-time basis. She also served as a police matron on an as-needed basis, for which she was paid separately. In 2011, the department's public safety officer administrator came to believe plaintiff was submitting time card vouchers for matron work while on the clock as a parking enforcement officer and being paid when she was not present and working. Plaintiff denied any wrongdoing, maintaining she accounted for all of her time in accordance with police department policy.

Following her refusal to reimburse the Township for the alleged overpayment, plaintiff was suspended without pay and charged with third-

degree theft of wages of $746.79, later amended to $713.50. She was tried and acquitted on March 22, 2013. Plaintiff thereafter filed a timely notice of tort claim, but did not file her complaint until May 20, 2015, more than two years after her acquittal. In January 2016, defendants filed an answer and fifty-six affirmative defenses, among them that the complaint was barred by the applicable statute of limitations.

The parties thereafter engaged in written discovery and, at defendants' behest, participated in mediation before a privately retained mediator. No depositions were noticed or taken. Several months after receiving plaintiff's answers to interrogatories, wherein she disclosed the date of her acquittal,[1] defendants moved for summary judgment on the basis of the statute of limitations.

Relying on <u>Thigpen v. City of E. Orange</u>, 408 N.J. Super. 331, 343 (App. Div. 2009), in which we held malicious prosecution claims are subject to the requirements of the Tort Claims Act, Judge Thurber concluded plaintiff's malicious prosecution claim was barred by the Act's two-year statute of limitations. She further held that plaintiff's state constitutional claims under the

---

[1] The date of plaintiff's acquittal was not referenced in either the tort claims notice or the complaint. Plaintiff acknowledged that point but maintained the date was a public record, easily discoverable.

New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c), were likewise barred by its two-year statute of limitations. See Lapolla v. Cty. of Union, 449 N.J. Super. 288, 298 (App. Div. 2017). Finally, Judge Thurber rejected plaintiff's claim that defendants should be equitably estopped from asserting the statute of limitations by not raising it earlier. Although acknowledging that defendants engaged in discovery for many months after asserting the statute as an affirmative defense, the judge found plaintiff's reliance on White v. Karlsson, 354 N.J. Super. 284, 286, 290 (App. Div. 2002) misplaced, as defendants had not affirmatively represented that they did not intend to rely on the statute, participated in mandatory arbitration under R. 4:21A without raising the defense, or delayed asserting it until a week before the scheduled trial date as the defendant had done in that case.

Plaintiff appeals. Implicitly conceding her complaint was time-barred, plaintiff argues only that defendants should be estopped from asserting the statute of limitations and that Judge Thurber's reasons for declining to apply the doctrine do not justify her ruling. She also argues in a claim not raised to the trial court that the "affirmative defenses set forth in the defendants' answer violate court rule and give rise to an inference that they were not intended to be pursued."

4

Our review of the record convinces us that none of these arguments is of sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E). The circumstances of this case do not approach those in which our courts have stripped defendants of the right to rely on the statute of limitations by their conduct in litigation.  See, e.g., Zaccardi v. Becker, 88 N.J. 245, 256-60 (1982); Williams v. Bell Tel. Lab., Inc., 132 N.J. 109, 118-20 (1993); White, 354 N.J. Super. at 290.  Although participating in consensual mediation in an attempt to settle the case, the parties had not engaged in other than written discovery and no trial date had been set.  Moreover, plaintiff does not dispute that the motion was made only months after she first revealed the date of her acquittal in an answer to interrogatories, having not included it in her tort claims notice or her complaint.

Although we certainly do not endorse the inclusion of unnecessary or unsupported affirmative defenses in a responsive pleading, plaintiff's failure to raise this issue to the trial court leaves the record too undeveloped to allow us to address it for the first time on appeal.  See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

A-4389-16T4

Accordingly, we affirm the entry of summary judgment dismissing plaintiff's complaint, essentially for the reasons expressed by Judge Thurber in her opinion delivered from the bench on May 3, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION