**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1798-19

ISAUL SANDOVAL,

    Plaintiff-Appellant,

v.

DR. MARC A. COHEN, M.D.,
and SPINE INSTITUTE,

    Defendants-Respondents.

_____

Argued January 3, 2022 – Decided February 25, 2022

Before Judges Accurso, Rose and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3274-15.

Michael F. Wiseberg argued the cause for appellant.

Walter F. Kawalec, III, argued the cause for respondents (Marshall Dennehey Warner Coleman & Goggin, attorneys; Frank P. Leanza, Heather M. LaBombardi and Walter F. Kawalec, III, on the brief).

PER CURIAM

In this medical malpractice matter, plaintiff Isaul Sandoval appeals from an October 17, 2019 Law Division order granting the summary judgment dismissal of his complaint against defendants Marc A. Cohen, M.D., and Dr. Cohen's practice, the Spine Institute, and a January 2, 2020 Law Division order denying reconsideration. Because plaintiff has never disputed his action was time-barred, we affirm.

I.

We set forth the protracted procedural history in some detail to give context to the motion judge's decisions. On September 4, 2015, plaintiff filed a two-count complaint alleging more than two years earlier, on June 3, 2013, defendants failed to obtain plaintiff's consent to perform fusion surgery on his spine and negligently performed the surgery. Claiming his English-language skills are limited, plaintiff alleged defendants failed to explain, in terms plaintiff could comprehend, "the nature and scope of the surgery contemplated by the defendant Dr. Cohen." Plaintiff asserted he did not consent to a "bone graft and insertion of a cage" in his spine. In essence, plaintiff believed the surgery performed by Dr. Cohen would be non-invasive, without scarring.

2

Defendants filed their answer on November 10, 2015. They asserted various affirmative defenses, including the complaint was time-barred under the two-year statute of limitations (SOL) set forth in N.J.S.A. 2A:14-2.

During the ensuing 1,145-day discovery period, the matter was case managed by a few judges,[1] and the discovery end date was extended six times. Although plaintiff was aware his complaint was filed nearly three months beyond the two-year SOL, he never sought an order requiring the filing of dispositive motions by a date certain.

Plaintiff was delinquent in responding to discovery demands, twice resulting in dismissals of his complaint without prejudice. After the outstanding discovery was provided in each instance, plaintiff's complaint was reinstated.

Following the close of discovery in May 2018, defendants moved for summary judgment, claiming plaintiff's sole expert failed to ascribe negligence to Dr. Cohen. The judge denied the motion and granted plaintiff's cross-motion to extend discovery.

Plaintiff served a supplemental expert report but failed to provide discovery referenced in the report or produce the expert for deposition. The

---

[1] The judge who entered the orders under appeal managed this matter for the latter two years of the discovery period and was assigned the case for trial.

judge granted defendants' ensuing motion to dismiss plaintiff's complaint with prejudice, then sua sponte amended the order to reflect the dismissal was without prejudice.

Thereafter, defendants' motion to dismiss the complaint with prejudice was countered by plaintiff's March 6, 2019 cross-motion, claiming expert testimony was not necessary to prove his negligence claim or his newly-asserted claim for battery.[2]  For the first time in the litigation, plaintiff contended he was "not alleging that the defendants were negligent in the performance of the fusion surgery on his lumbar spine."  Rather, he claimed his action was "a simple battery[-]type case[,] where the physician exceeded the scope of the informed consent obtained from his patient."  Concluding genuine issues of fact precluded summary judgment as to "whether a prima facie case based on lack of informed consent ha[d] been established," on April 23, 2019, the judge denied defendants' motion and reinstated plaintiff's complaint.

Three days before the initial August 19, 2019 trial date, defendants served plaintiff with the motions in limine they intended to file, including a motion to

---

[2]  Plaintiff did not file an amended complaint asserting an additional cause of action for battery.  He contended the battery claim was pled in paragraph nine of his complaint, which asserts plaintiff did not consent to fusion surgery or the insertion of instrumentation in his spine.

dismiss the complaint on SOL grounds. Citing plaintiff's deposition testimony – stating he first became aware of the instrumentation in his spine during a June 18, 2013 chiropractic appointment – defendants contended the statute expired on June 18, 2015 pursuant to the discovery rule.[3]

Due to scheduling issues, the trial did not commence on August 19. During an August 28, 2019 conference call with the parties, the judge addressed defendants' proposed motions in limine. The judge rescheduled the trial date for October 21, 2019, and defendants filed their in limine motions on September 4, affording plaintiff until September 23, 2019 to respond.

Plaintiff opposed defendants' motion on procedural grounds, contending their SOL defense was untimely asserted and therefore waived. But plaintiff acknowledged the "undisputed record" revealed the statute began to run on June 18, 2013, when he discovered Dr. Cohen performed fusion surgery. Following argument, the judge rendered an oral decision granting defendants' motion, and entered a memorializing order on October 17, 2019.

---

[3] The discovery rule delays accrual of a cause of action "'until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim.'" R.L. v. Voytac, 199 N.J. 285, 299 (2009) (quoting Lopez v. Swyer, 62 N.J. 267, 272 (1973)).

Plaintiff moved for reconsideration, primarily contending the judge failed to consider the lengthy procedural history in his decision. Following argument, the judge issued a cogent statement of reasons, accompanying the January 2, 2020 order. Summarizing the "extensive procedural history" in view of the governing law, the judge reiterated his reasons for dismissing plaintiff's complaint on summary judgment. The judge aptly distinguished the timing of the defendant's in limine motion in Cho v. Trinitas Reg'l Med. Ctr., 443 N.J. Super. 461 (App. Div. 2015), and the defendants' assertion of the SOL in White v. Karlsson, 354 N.J. Super. 284 (App. Div. 2002), and Williams v. Bell Tel. Labs. Inc., 132 N.J. 109 (1993), from the procedural posture of this case, including the timing of the filing of defendants' motion and plaintiff's opportunity to respond in advance of the rescheduled trial date. Finding plaintiff failed to meet the standard for reconsideration, the judge denied plaintiff's motion. This appeal followed.

On appeal, plaintiff renews his argument that defendants waived their SOL defense by participating in the discovery process for several years and failing to invoke the defense until the eve of trial. Defendants counter their ability to determine "the viability" of the SOL defense in this case was impacted by plaintiff's repeated discovery failures that twice led to the dismissal of his

A-1798-19

complaint and was compounded by his changing theories of recovery. They emphasize plaintiff does not contest the complaint was untimely filed or that the SOL was extended under the discovery rule. For the first time on appeal, plaintiff contends defendants' motion was barred under equitable principles of estoppel and laches. Defendants disagree, arguing they never conveyed, explicitly or implicitly, an intention to waive the SOL defense.

## II.

"When granting a motion will result in the dismissal of a plaintiff's case or the suppression of a defendant's defenses, the motion is subject to Rule 4:46, the rule that governs summary judgment motions." Cho, 443 N.J. Super. at 471. We review a court's decision on a summary judgment motion de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 528-29 (1995).

Medical malpractice actions are governed by a two-year SOL. N.J.S.A. 2A:14-2. A cause of action for medical malpractice generally accrues on the date of the alleged negligent act or omission. Szczuvelek v. Harborside Healthcare Woods Edge, 182 N.J. 275, 281 (2005). However, the limitations period may be subject to the discovery rule, adopted by our Supreme Court in Fernandi v. Strully, 35 N.J. 434, 450-51 (1961).

"Unlike certain other specified defenses—such as defective service of process and lack of personal jurisdiction . . . the Rules of Court impose no deadline on the filing of a dismissal motion based on the statute of limitations." Baez v. Paulo, 453 N.J. Super. 422, 446 (App. Div. 2018). Nor are we aware of any other authority imposing a filing deadline. See id. at 447. Nonetheless, under certain circumstances, courts can reject "a limitations defense where [the] defendant has contributed to the delay." Zaccardi v. Becker, 88 N.J. 245, 256 (1982); see also Williams, 132 N.J. at 119-20; White, 354 N.J. Super. at 292. As he did before the motion judge, plaintiff maintains Williams and White support his waiver argument. We are not convinced.

As the motion judge noted, the defendant in Williams had asserted the SOL defense in its answer, similar to defendants in the present matter. Unlike the circumstances here, however, the SOL defense in Williams was not raised

again until six days after the jury verdict was rendered in the "protracted trial." 132 N.J. at 115, 119-20. Under those circumstances, which are not present here, our Supreme Court held the defendant waived the SOL defense. Id. at 119-20.

In White, we held the defendant waived her SOL defense based on "three actions taken by defendant's attorney," all of which also are not present here. 354 N.J. Super at 290. Prior to raising the defense, the defendant in White participated in mandatory arbitration pursuant to Rule 4:21A; expressly asserted in her answers to interrogatories "the only statute on which defendant would rely was the Motor Vehicle Code"; and engaged in discovery, knowing plaintiff would "incur[] substantial expenses in preparation for trial." Ibid. In reaching our decision, we reasoned, "[w]ere it not for [these] three actions, we would be inclined to agree" with defendant that the assertion of the SOL defense one week prior to trial "should be considered timely." Ibid. The motion judge correctly distinguished the tripartite circumstances in White from the matter here, which was not arbitrated. See R. 4:21A-1(a)(2) (exempting professional negligence actions from mandatory arbitration).

The motion judge also distinguished between the timing of the in limine motions filed in Cho and this case. In Cho, we criticized the practice of filing a dispositive motion, styled as a motion in limine, the day after the trial call, which

the trial court granted. 443 N.J. Super. at 467-69, 474-75. We stated "[w]hen granting a motion will result in the dismissal of a plaintiff's case or the suppression of a defendant's defenses, the motion is subject to Rule 4:46, the rule that governs summary judgment motions." Id. at 471. Reversing the court's order, we held "our commitment to the fair administration of justice demands that we protect a litigant's right to proceed to trial when he or she has not been afforded the opportunity to respond to dispositive motions at a meaningful time and in a meaningful manner." Id. at 475. Ordinarily, therefore, "the consideration of an untimely summary judgment motion at trial and resulting dismissal of a complaint deprives a plaintiff of due process of law." Ibid.; see also Doe v. Poritz, 142 N.J. 1, 106 (1995) (holding "due process requires an opportunity to be heard at a meaningful time and in a meaningful manner").

We very well may have viewed the circumstances here similarly to those that arose in Cho – had defendants' motion been filed and decided before the trial date was adjourned.[4] Although defendants served their motion three days before the August 19, 2019 trial date, they filed the motion with the court on

---

[4] Following our decision in Cho, and after motions were decided in this matter, the Court adopted Rule 4:25-8, expressly defining an in limine motion "as an application returnable at trial for a ruling regarding the conduct of the trial, including admissibility of evidence, which motion, if granted, would not have a dispositive impact on a litigant's case."

September 4, 2019, making it compliant with the thirty-day deadline prescribed in Rule 4:46-1. Plaintiff was afforded until September 23, 2019 to respond to the motion, providing him more time than required by the Rule.[5] Accordingly, we discern no due process violation here.

Moreover, defendants presented at least a colorable claim that it was necessary to engage in discovery before asserting the SOL defense in view of plaintiff's failures to provide discovery and evolving theories of recovery. See Baez, 453 N.J. Super. at 447 (recognizing "in some cases continued discovery can reveal facts that may bear upon whether a plaintiff was justified by tolling principles in delaying suit against or naming a particular defendant"). Notwithstanding plaintiff's contention that his complaint can be viewed as asserting a battery claim, he did not expressly raise that theory of recovery until defendants moved for summary judgment on his negligence claim. Defendants moved to dismiss the complaint four months after the judge's decision, on April 23, 2019, when plaintiff's theory of recovery was established.

---

[5] Rule 4:46-1 provides, in pertinent part, motions for summary judgment "shall be returnable no later than [thirty] days before the trial date." Such motion "shall be served and filed not later than [twenty-eight] days before the time specified for the return date[,]" with opposition "served and filed not later than [ten] days before the return date; and [any reply] shall be served and filed not later than four days before the return date."

While we recognize battery and negligence share the same two-year SOL under N.J.S.A. 2A:14-2, and both sides could be faulted for failure to move the case more expeditiously, plaintiff does not challenge the motion judge's factual findings that his claims as pled in the complaint and his later-asserted contentions of battery are time-barred. Notably, although the matter was case managed, plaintiff did not request the court establish a deadline for filing dispositive motions. Further, the record is devoid of any reason explaining plaintiff's delay in filing his complaint. Nor is there any evidence to suggest defendants caused the delay. In that context, we find plaintiff's belated equitable claims lack merit under the circumstances presented here, which are not unlike those we encountered in Baez.

In Baez, we reversed the trial court's determination that the defendant doctors were equitably estopped from moving to dismiss the plaintiff's complaint at the end of the discovery period, although they had asserted the SOL defense when they filed their answer. 453 N.J. Super. at 446-48. Recognizing the expense and time plaintiff had expended by the defendants' delay in moving for dismissal, we observed:

> Even so, we are not convinced defendants should be equitably estopped or otherwise barred from bringing that motion, as they did, near the end of the discovery period. We reach that conclusion despite the fact that

defendants themselves had procured a discovery extension from the court.

> We would conclude to the contrary if a Rule of Court or a case management order in this case had specified a motion filing deadline. Without such a fixed and announced deadline, however, or an affirmative misrepresentation they would not file a motion, we hold it would be unfair to [the defendants] in these circumstances to allow time-barred claims against them to proceed. Moreover, if we were to uphold the estoppel ruling in this case, our decision might produce widespread uncertainty in other cases about how soon a statute of limitations motion needs to be filed, and perhaps spark premature motion practice lacking a suitably developed record.

> [Id. at 448 (footnotes omitted).]

We therefore discern no basis to disturb the motion judge's orders in this case. To the extent we have not addressed a particular contention, it is because either our disposition makes it unnecessary, or the contention is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1798-19